UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD KELLY, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:17-cv-00598-WTL-MPB |
| JOHN DOE 1, | ) |
| GEORGE ZOLEY CEO GEO GROUP, | ) |
| Defendants. | ) |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

The plaintiff is a prisoner currently incarcerated at New Castle Correctional Industrial Facility ("New Castle"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff's Complaint is entitled "Class Action Complaint," and the plaintiff seeks to brings several claims on behalf of all past, present, and future inmates at New Castle.  The lone defendant is the CEO of GEO Group, the private entity contracted to run New Castle.  The claims span numerous areas of prison administration and prison conditions.  Several examples show the breadth of the plaintiff's allegations: correctional officers fail to remain at their assigned posts in the prison, which permits assaults to occur; the vocational programming is deficient; New Castle lacks sufficient correctional officers to protect the inmates; correctional officers are never disciplined for improper behavior; inmates are improperly classified; inmates with mental health issues are not properly managed or classified; the healthcare provided is inadequate; and the food service is inadequate.

The plaintiff's Complaint must be dismissed.  First, a pro se prisoner cannot typically establish the criteria necessary to bring a class action.  To certify a class, the plaintiff must establish, among other things, that he will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).  In nearly all instances, a pro se prisoner will not be an adequate class representative.  *See Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015) ("[I]t is generally not an abuse of discretion for a district court to deny a motion for class certification on the ground that a pro se litigant is not an adequate class representative."); *Goodvine v. Meisner*, 608 Fed. Appx. 415, 417 (7th Cir. 2015) (holding that the district court's reasons for denying class certification—that the plaintiffs "could not fairly represent the class interests because they were *pro se* (and had not made an effort to secure class counsel)"—were "sound reasons").  There are no allegations

that would allow the Court to think that the pro se plaintiff here could adequately represent a class of all inmates at New Castle, let alone past inmates, as he proposes. This especially true given the scope of the claims the plaintiff seeks to bring. Accordingly, this action cannot proceed as a class action.

The plaintiff may still proceed with his individual claims on his own behalf. However, the plaintiff's allegations are devoid of any specific allegations regarding how he was harmed by any of the alleged conduct or how the defendant, the CEO of GEO Group, was personally responsible for them. Without such allegations, the plaintiff cannot state a § 1983 claim. *See Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see also Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation mark omitted).

## II.

Given the foregoing, the Court will give the plaintiff the opportunity to file an amended complaint. The amended complaint must have the words "Amended Complaint" and the proper case number, No. 1:17-cv-00598-WTL-MPB, on the first page.

In filing an amended complaint, the plaintiff shall conform to the following additional guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." and must allege facts (who did what when) rather than generalized statements regarding the conditions of New Castle without explanation of how those circumstances affected him personally; (b) the amended complaint must identify what legal injury the plaintiff claims to have himself suffered and which individuals are directly responsible

for each such legal injury (there is no supervisory liability for violations of § 1983); and (c) the amended complaint shall contain a clear statement of the relief that is sought.

The plaintiff has **through June 19, 2017**, in which to file an amended complaint that conforms to the above requirements. If an amended complaint is filed, it will be screened. If no amended complaint is filed, the action will be dismissed pursuant to 28 U.S.C. § 1915A(b).

**IT IS SO ORDERED.**

Date: 5/23/17

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

RICHARD KELLY
860033
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362